In the Matter of WILLIAM S. MILLER, an Attorney, Respondent.

First Department, June 21, 1934.

*Einar Chrystie*, for the petitioner.

*Samuel E. Friedrich*, for the respondent.

FINCH, P. J.   This is a motion to confirm the report of a referee in a disciplinary proceeding sustaining charges against respondent, who was admitted to practice as an attorney and counselor at law in the State of New York on October 26, 1927, at a term of the Appellate Division, Supreme Court, Second Department.

We concur in the findings of the learned referee and for the reasons stated in his very excellent and painstaking report.

Respondent endeavors upon this motion to submit an affidavit in which he says: " The facts upon which this proceeding was brought are fully set forth in the referee's report, and there is no necessity of repeating them, as I do not dispute their correctness. I do, however, sincerely and emphatically assert that the conclusions drawn by the referee as to my willful misconduct, are erroneous and not warranted by the evidence." The record belies this contention of respondent. We concur in the findings of the referee, holding incredible respondent's explanations and alleged excuses through which he seeks to exculpate himself from the charge of willful misconduct. The following words of the referee in his report are justified by this record: " I regard his entire explanation that his conduct was due to forgetfulness or lack of knowledge as to what constitutes the relation of landlord and tenant as an afterthought. His explanation is only a frail and cunning attempt to confuse the situation, and is opposed to the testimony of his client, who gave him not the least intimation that he was entitled to possession, but in my opinion, the respondent prepared the petition and as Notary Public took the verification of his client to the alleged truth of the facts stated as an opening gun in a plan of annoyance, trouble and expense to Dale."

With one slight exception in the charges, not material in this proceeding, namely, that the respondent did not act as attorney for his client at the time he entered into the contract to purchase the premises, the charges as alleged in the petition have been conclusively established. It is difficult indeed to believe that any attorney, least of all one who had had four and one-half years' experience in law offices before going into private practice, would have the hardihood to prepare and induce his client to verify a petition containing the allegations referred to, under all the circumstances of this case. Apparently the respondent hoped that the tenant would default in the dispossess proceeding and thus enable the client of the respondent to obtain possession upon this false petition. It is also to be noted that respondent testified that after the tenant had appeared by attorney and had served a copy of his answer on the representative of the respondent and caused the proceeding to be set for trial, respondent did not look at the answer and made no preparation for trial before appearing in court on the trial day.

The brazenness of the acts of respondent exceed the incredibility of his alleged defenses.

The respondent should be suspended for one year with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

MARTIN, O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Respondent suspended for one year.