In the Matter of WILLIAM S. MILLER, an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, the NEW YORK COUNTY LAWYERS' ASSOCIATION and the BRONX COUNTY BAR ASSOCIATION, Petitioner.

First Department, April 17, 1969.

*Angelo T. Cometa (Edward C. Walsh* with him on the brief), for petitioner.

*Carl J. Rubino* for respondent.

*Per Curiam.* Respondent was admitted to practice in the Second Judicial Department in November, 1927. The charges involve three specifications. The Referee to whom the matter was sent for hearing sustained two of the three charges.

We find that the record sustains Charge No. 1. We are of the opinion that the Referee was correct in not sustaining Charge 3, and it is our opinion that Charge 2 has not been sustained.

Charge 1 alleges respondent submitted an application for an allowance in a death action which alleged that he had disbursed $200 for services rendered by a chemist and an electrical engineer. It appears that respondent in that connection paid out only $35.

In the same matter, in Charge No. 2, respondent is charged with filing a closing statement which failed to set forth any payment to a forwarding attorney. In fact, subsequent to the filing of the closing statement, respondent did pay the sum of

$750, representing 25% of his fee, to the attorney who had referred the matter to him. From the proof it would appear that sufficient services were rendered by the referring attorney to warrant the payment.

The third specification, based on the receipt of the sum of $50 from a client in order to expedite a matter, was not sustained.

The report of the Referee is confirmed to the extent indicated above and disaffirmed as to Charge 2.

Respondent has been extremely active in various communal and charitable activities, and his professional character and community involvement have been certified by eminent and outstanding members of the community. Since 1962, by reason of surgery, respondent suffers serious physical disability.

Respondent in 1934 was suspended for a period of one year for professional misconduct at a time when he had been in practice for seven years (241 App. Div. 414). It appears that respondent has since then conducted himself beyond reproach except for the matters under consideration.

Respondent's actions herein constitute professional misconduct which cannot be condoned and discipline is indicated. We take cognizance of respondent's communal services and in the light of the circumstances consider suspension for a period of six months to be appropriate. (*Matter of Bouquet,* 28 A D 2d 11; *Matter of Thomson,* 23 A D 2d 441.)

Eager, J. P., McGivern, Markewich, McNally and Steuer, JJ., concur.

Respondent suspended for a period of six months effective May 19, 1969.